IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NORMAN DAVID YOUNG, | § | |
| (Tarrant No. 0902895) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-0500-O |
| | § | |
| BILL WAYBOURN et al., | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Before the Court are Defendant Taquanna Hearns's Motion to Dismiss and Brief in Support (ECF No. 14), filed June 3, 2021; and Defendant David Kallon's Motion to Dismiss and Brief in Support (ECF No. 16), filed June 22, 2021. Having considered the pleadings, motions, legal briefing, record, and applicable law, and for the reasons that follow, the Court **grants** Defendant Taquanna Hearns's Motion to Dismiss (ECF No. 14), and **grants** Defendant David Kallon's Motion to Dismiss (ECF No. 16). In addition, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii), the Court **dismisses** Plaintiff's remaining claims against an unknown jail officer as frivolous and/or for failure to state a claim.

## I.     BACKGROUND FACTS AND PROCEDURAL HISTORY

On April 5, 2021, *pro se* Plaintiff Norman David Young, a pretrial detainee at the Tarrant County Jail in Fort Worth, Texas, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1. The Court allowed Young to proceed *in forma pauperis*. In addition, the

Court permitted him to supplement his allegations by submitting answers to the Court's questionnaire, which he did on April 27, 2021. *See* Pl.'s Ans., ECF No. 7.[1]

Young alleges that on July 23, 2020, a "code" was called on him because of his failure to wear a mask in the dayroom. Pl.'s Ans. No. 7, ECF No. 7.[2] He alleges he had left his mask in his cell. *Id.* He alleges that after the "code" was called, officers used excessive force against him. *See* Compl. 4, ECF No. 1. He further alleges that after he returned to his cell and the handcuffs were being removed, an unknown jail officer stomped on his hands after pushing him down and threatened to mace him. *Id.* He contends that after the incident, Defendant Lt. Taquanna Hearns ("Lt. Hearns"),[3] who was present the entire time of the incident but did nothing to control the situation, "gave [him] the middle finger" when he asked for medical assistance. *Id.* He alleges he still has not received any medical attention for his injuries from the incident and has not received a response to the grievances he filed. *Id.*

---

[1] The Court is mindful of the extent to which it must go in construing the pleadings of a non-lawyer but must also remember the limits of liberal construction. Young's *pro se* status does not exempt him from the requirement that he comply with relevant rules of procedural and substantive law, including Rule 8's pleading requirements. *See Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991); *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.) ("While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist."). The Court does not excuse the failure to make any argument; nor does the requirement for liberally construing a petition give the court license to raise issues that the *pro se* litigant has omitted. *See, e.g., Johnson v. Quarterman*, 479 F.3d 358 (5th Cir. 2007) (*Pro se* briefs are entitled to liberal construction, but even *pro se* litigants must brief arguments in order to preserve them.); *Smith v. CVS Caremark Corp.*, 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) (Boyle, J.) (But "liberal construction does not require that the Court . . . create causes of action where there are none[.]").

[2] The Court takes judicial notice pursuant to Federal Rule of Evidence 201 that on July 2, 2020, Texas Governor Greg Abbott issued a statewide mask mandate in response to the COVID-19 pandemic. https://lrl.texas.gov/scanned/govdocs/Greg%20Abbott/2020/GA-29.pdf.

[3] According to Defendant Taquanna Hearns, although Young refers to her a "Sgt. Hearns," she is now a Lieutenant. *See* Def. Lt. Hearns's Mot. 1 n.1, ECF No. 14. Accordingly, the Court will refer to her as Lt. Hearns.

He names as Defendants: Tarrant County Sheriff Bill Waybourn ("Waybourn"), whom he sues for "not enforcing statutory guidelines to serve the safety and health of one in his custody," (Compl. 3), and for failing to respond to his grievances and "turning a blind eye" (Pl.'s Ans. No. 1); Lt. Hearns, the immediate supervisor on duty at the time of the "code," whom he alleges was present during the incident but did nothing, failed to provide medical attention he requested after the incident, and "flipped [him] off" (Pl.'s Ans. No. 2); and Officer David Kallon ("Officer Kallon"), who allegedly radioed the "code" and denied him medical attention and may or may not have been present at the time of the incidences about which Young complains, and who, three days after the "code," entered his cell at night while he was asleep, which caused him to feel threatened (Pl.'s Ans. No. 3); as well as against an unknown jail officer whom he alleges physically assaulted him without provocation following the "code." Compl. 3; Pl.'s Ans. No. 4.

In his answers to the Court's questionnaire, Young specifies that he is suing Lt. Hearns for alleged violations of Article I, Section 8 (freedom of speech), Section 13 (cruel and unusual punishment), and Section 19 (deprivation of life and liberty) of the Texas Constitution. Pl.'s Ans. No. 2. Young further states that Lt. Hearns engaged in a "negligent failure to act reasonably." Pl.'s Ans. No. 5. Young specifies that he is suing Officer Kallon for alleged violations of Article I, Section 13 (cruel and unusual punishment) and Section 19 (deprivation of life and liberty) of the Texas Constitution. Pl.'s Ans. No. 3. He alleges that Officer Kallon was "deliberately indifferent." Pl.'s Ans. No. 5. Finally, Young states that the unknown jail officer engaged in a "negligent failure to act reasonably." *Id.*

Young brings suit pursuant to section 1983 and alleges he sustained physical and mental injuries as a result of the events alleged in the Complaint, as supplemented by his answers to the

3

Court's questions. He seeks compensatory damages in the amount of $200,000 for his pain and suffering as well as medical care. Compl. 4; Pl.'s Ans. Nos. 8, 9, 11.

On May 5, 2021, after reviewing and screening Young's pleadings, as supplemented by his answers to the Court's questionnaire, under the provisions of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), the Court issued an order and judgment pursuant to Federal Rule of Civil Procedure 54(b) dismissing all claims against Defendant Waybourn. *See* Order of Partial Dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B), ECF No 8; J. Fed. R. Civ. P. 54(b). The Court concluded that Young could obtain service of his claims against Lt. Hearns and Officer Kallon. *See* Order Regarding Completion and Service of Summons, ECF No. 9.

Lt. Hearns filed her motion to dismiss on June 3, 2021, and Officer Kallon filed his motion to dismiss on June 22, 2021. Young has not filed a response to either motion and has had more than adequate time to do so. *See* Local Civil Rule 7.1(e) (allowing 21 days for filing a responsive brief to an opposed motion). Accordingly, the Court will rule on the motions without a response. The Court will also consider Plaintiff's claims against an unknown jail officer as part of its duty to screen this matter under the Prison Litigation Reform Act.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil

4

Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322

(2007). A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## III.    ANALYSIS

### A.    Defendant Lt. Hearns's Motion to Dismiss

Lt. Hearns moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds, argued in the alternative:

> (1) Young cannot state a claim under section 1983 for an alleged violation of the Texas Constitution;

> (2) Alternatively, Young has not stated a claim under the United States Constitution;

> (3) Alternatively, alleged verbal assaults and gestures do not constitute cognizable constitutional deprivations;

> (4) Alternatively, if Young intended to assert official-capacity claims, he failed to state a claim under *Monell*; and

> (5) Alternatively, this Court should decline to exercise jurisdiction over Young's state law claims.

Def. Lt. Hearns's Mot. 3, ECF No. 14. For the reasons that follow, the Court will grant the motion.

### 1.    Claims Against Lt. Hearns in her Individual Capacity

Because Young has not alleged whether he is proceeding with his claims against Lt. Hearns in her individual or official capacity, the Court will consider both. The Court first addresses his claims under the assumption that he is suing Lt. Hearns in her individual capacity.

#### a.    *No Viable Claims under Section 1983 for State Law Violations*

Lt. Hearns first contends that Young's claims must be dismissed because he cannot state a claim under section 1983 for an alleged violation of the Texas Constitution. After consideration of

6

the Complaint, as supplemented by Young's answers to the Court's questionnaire, as well as applicable law, the Court agrees.

In his answers to the Court's questionnaire, Young states that he is suing Lt. Hearns for alleged violations of Article I, Section 8 (freedom of speech), Section 13 (cruel and unusual punishment), and Section 19 (deprivation of life and liberty) of the Texas Constitution. Pl.'s Ans. No. 2. He does not explicitly allege violations of federal constitutional or statutory law.

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotation marks and citation omitted). Section 1983 is not a source for substantive rights; it provides a federal cause of action for vindicating federal rights found in other laws. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Further, a section 1983 plaintiff has no right to recover tort damages for alleged violations of the Texas Constitution because Texas law provides no cause of action for damages for violation of the state constitution. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 507 (5th Cir. 2001); *see also Reyes v. N. Tex. Tollway Auth.*, 830 F. Supp. 2d 194, 201 (N.D. Tex. 2011) (citing *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995) ("Texas recognizes no private cause of action against a governmental entity or its officials for money damages relating to alleged violations of Texas constitutional rights.")).

As Young specifies in his answers to the Court's questionnaire that he is only asserting violations of the Texas Constitution, the Court will grant Lt. Hearns's motion to dismiss his section 1983 claims for failure to state a claim.

7

> b.    *No Viable Claims under Section 1983 for Federal Law Violations*

In the alternative, Lt. Hearns argues that, even were the Court to construe Young's claims as arising under the United States Constitution (despite his statements to the contrary), it should dismiss such claims under Rule 12(b)(6) because (i) they impermissibly sound in negligence; (ii) she cannot be held liable under a theory of *respondeat superior*; and (iii) mere threats and gestures are not actionable under section 1983. For the reasons that follow, the Court will, in the alternative, grant Lt. Hearns's motion to dismiss on these grounds.

At the time he filed this lawsuit, Young was a pretrial detainee at the Tarrant County Jail. *See* Pl.'s Ans. No. 1. Jail detainees' rights exist under the Due Process Clause of the Fourteenth Amendment but are subject to the same scrutiny as if they had been brought as a "deliberate indifference" claim under the Eighth Amendment. *See Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (citing *Hare v. City of Corinth*, 74 F.3d 633, 648-49 (5th Cir. 1996) (en banc)). Further, prison officials must ensure "inmates receive adequate . . . medical care" and must take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *see also Cleveland*, 938 F.3d at 676 (Eighth Amendment prohibits "deliberate indifference" to prisoner's medical needs) (citation omitted).

In the medical care context, a detainee must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Lacy v. Shaw*, 357 F. App'x 607, 609 (5th Cir. 2009) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)). A delay in providing medical care is not a violation of this constitutional right unless it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Allegations of

negligence in the provision of medical care are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 332 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Thompson v. Upshur Cnty.*, 245 F.3d 447, 458-59 (5th Cir. 2001) (noting that deliberate indifference cannot be inferred from "negligent or even a grossly negligent response to a substantial risk of serious harm.").

"Supervisory officials cannot be held liable under section 1983 for the actions of subordinates . . . under any theory of vicarious or *respondeat superior* liability." *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005) (citing cases); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (same). Instead, "[a] supervisory official may be held liable . . . only if (1) [s]he affirmatively participates in the acts that cause the constitutional deprivation, or (2) [s]he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (citation omitted). To establish supervisory liability for constitutional violations committed by subordinate employees, a plaintiff must show "that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Id.* (original emphasis).

Here, Young alleges that Lt. Hearns, the immediate supervisor on duty at the time of the "code," was present during the incident but did nothing, failed to provide medical attention he requested after the incident, and "flipped [him] off." Pl.'s Ans. No. 2. In response to the Court's question regarding whether Lt. Hearns acted with deliberate indifference or negligence, Young states that Lt. Hearns engaged in a "negligent failure to act reasonably." Pl.'s Ans. No. 5.

9

Based on these pleadings, even construed liberally, the Court concludes that Young has failed to state a plausible claim that Lt. Hearns acted with deliberate indifference. Lt. Hearns cannot be held liable for alleged negligent conduct. *See Porter*, 659 F.3d at 446; *Thompson*, 245 F.3d at 458-59; *Harris v. Duke*, 7:12-cv-127-O, 2015 WL 13544392, at *3 (N.D. Tex. Sept. 29, 2015) (O'Connor, J.) ("However, it is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."), *aff'd as modified*, 689 F. App'x 290 (5th Cir. 2017). Additionally, Lt. Hearns cannot be held liable under a theory of *respondeat superior* for being the responding supervisor. *See City of Canton*, 489 U.S. at 385.

Further, Young's allegations that Lt. Hearns threatened to mace him and "gave [him] the middle finger" do not state a cognizable claim under section 1983. Complaints of verbal harassment, gestures, or threats, unaccompanied by any physical abuse, do not give rise to a claim for relief under section 1983. *See McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983).

Thus, in the alternative, even assuming *arguendo* that Young claimed a violation of the United States Constitution or federal statutory law (rather than state law, as he asserts in his answers to the Court's questionnaire), the Court will grant Lt. Hearns's motion to dismiss Young's claims brought against her in her individual capacity because he fails to state a plausible claim of deliberate indifference, she cannot be held liable as a supervisor under a theory of *respondeat superior*, and gestures and threats are insufficient to give rise to a section 1983 claim.

## 2.    Claims Against Lt. Hearns in her Official Capacity

In the event Young intended to sue Lt. Hearns in her official capacity, for the reasons that follow, the Court will grant her motion to dismiss his claims against her for failure to state a plausible claim under Rule 12(b)(6).

"Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166.

To state a section 1983 claim against a local governmental entity, a plaintiff must allege three elements: "a policymaker; an official policy; and a violation of a constitutional right whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citation omitted). Allegations of isolated incidents are generally insufficient to establish a custom or policy. *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

As Lt. Hearns accurately argues in her motion to dismiss, "Young has not pleaded any allegations to state a plausible claim for relief that a Tarrant County policymaker promulgated an official policy, which was the moving force behind the alleged violation of [his] constitutional rights." *See* Def. Lt. Hearns's Mot. 9, ECF No. 14. In addition, Young complains about his own alleged isolated incident involving a "code," which is insufficient to allege a custom or policy. *See Fraire*, 957 F.2d at 1278.

For these reasons, the Court will grant Lt. Hearns's motion to dismiss insofar as Young's claims against Lt. Hearns are considered official-capacity claims against Tarrant County itself.

### B.    Defendant Officer Kallon's Motion to Dismiss

Officer Kallon moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds, many of which are the same as those urged by Lt. Hearns, and argued in the alternative:

11

(1) Young cannot state a claim under section 1983 for an alleged violation of the Texas Constitution;

(2) Alternatively, Young has not stated a claim under the United States Constitution;

(3) Alternatively, if Young intended to assert official-capacity claims, he failed to state a claim under *Monell*; and

(4) Alternatively, this Court should decline to exercise jurisdiction over Young's state law claims.

Def. Officer Kallon's Mot. 3, ECF No. 16. For the reasons that follow, and for the reasons previously explained in the Court's analysis of Lt. Hearns's motion, *see supra* Sec. III.A, the Court will grant Officer Kallon's motion.

### 1.    Claims Against Officer Kallon in his Individual Capacity

Because Young has not alleged whether he is proceeding with his claims against Officer Kallon in his individual or official capacity, the Court will consider both. The Court first addresses his claims under the assumption that he is suing Officer Kallon in his individual capacity.

#### a.    *No Viable Claims under Section 1983 for State Law Violations*

Officer Kallon first contends that Young's claims must be dismissed because he cannot state a claim under section 1983 for an alleged violation of the Texas Constitution. After consideration of the Complaint, as supplemented by Young's answers to the Court's questionnaire, as well as applicable law, the Court agrees.

Young specifies that he is suing Officer Kallon for alleged violations of Article I, Section 13 (cruel and unusual punishment) and Section 19 (deprivation of life and liberty) of the Texas Constitution. Pl.'s Ans. No. 3. For the same reasons previously set forth in the Court's analysis of Lt. Hearns's argument that Young's claims must be dismissed because he cannot state a claim

12

under section 1983 for an alleged violation of the Texas Constitution, *see supra* Sec. III.A.1.a., the Court will grant Officer Kallon's motion to dismiss on this ground.

> b.      *No Viable Claims under Section 1983 for Federal Law Violations*

In the alternative, Officer Kallon argues that, even were the Court to construe Young's claims as arising under the United States Constitution (despite his statements to the contrary), it should dismiss such claims under Rule 12(b)(6) because Young has not stated a viable claim for any constitutional violation. For the reasons that follow, the Court agrees and will, in the alternative, grant Officer Kallon's motion to dismiss on these grounds.

Here, Young alleges that Officer Kallon called a code and later walked into his cell in a manner that made Young feel threatened. Even liberally construed, the Court concludes that Young has not stated a constitutionally cognizable claim against Officer Kallon. The Court finds one of its prior decisions on point. *See Markham v. Glover*, 4:16-cv-388-O, 2016 WL 11653747, at *1-2 (N.D. Tex. July 7, 2016) (O'Connor, J.). In *Markham*, a Tarrant County Jail inmate alleged that an officer called a code, responding officers used excessive force on the inmate, and the officer calling the code "witness[ed] everything." *Id.* at *1. This Court dismissed the inmate's claims against the code-calling officer, explaining that the inmate's "allegations, without more, do not demonstrate any personal involvement on the part of [the officer calling the code] in the alleged use of force that occurred after other officers arrived on the scene." *Id.* (citing *Kincade v. Sanchez*, 2:14-cv-0016-J, 2014 WL 5681171 (N.D. Tex. Nov. 4, 2014) (dismissing complaint against officer who "called a code" on plaintiff as frivolous and for failure to state a claim)); *see also Johnson v. Hamill*, 6:09-cv-248-O, 2009 WL 2982800 (E.D. Tex. Sept. 11, 2009) (order dismissing claims against officer who "called a code" on plaintiff as frivolous and for failure to state a claim). On

13

this same basis, the Court will grant Officer Kallon's motion and dismiss Young's claims against him insofar as they are premised on the allegation that Officer Kallon "called a code."

Further, Young's allegation that Officer Kallon later entered his cell and caused him to be fearful, absent any allegation of a physical assault, fails to state a claim. As previously explained, complaints of verbal harassment, gestures, or threats, unaccompanied by any physical abuse, do not give rise to a claim for relief under section 1983. *See McFadden*, 713 F.2d at 146. As such, the Court will grant Officer Kallon's motion to dismiss Young's claims against him insofar as they are premised on the allegation that Officer Kallon entered Young's cell and caused him to be fearful.

### 2.        Claims Against Officer Kallon in his Official Capacity

In the event Young intended to sue Officer Kallon in his official capacity, the Court will grant his motion to dismiss Young's claims against him for failure to state a plausible claim under Rule 12(b)(6) for the same reasons previously set forth in the Court's analysis granting Lt. Hearns's motion to dismiss Young's claims against her in her official capacity. *See supra* Sec. III.A.2.

### C.        Defendant Unknown Jail Officer

Young is proceeding *pro se* and *in forma pauperis*. Young's Complaint, as supplemented by his answers to the Court's questionnaire, is, therefore, subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> [A] court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court also may summarily dismiss a complaint filed in forma pauperis if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Twombly*, 550 U.S. at 570, and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As previously stated, Young names as a Defendant an unknown jail officer whom he alleges physically assaulted him without provocation following the "code." Compl. 3; Pl.'s Ans. No. 4. In response to the Court's questionnaire, he states that the unknown jail officer engaged in a "negligent failure to act reasonably." Pl.'s Ans. No. 5.

Based on these pleadings, even construed liberally, the Court concludes that Young has failed to state a plausible section 1983 claim against the unknown jail officer. As previously explained, negligence by a state official or employee does not give rise to section 1983 liability. *Daniels*, 474 U.S. at 332-35; *see also Siemons v. Unknown Warden, Wise Cnty. Jail*, 4:19-cv-759-O, 2020 WL 6290332, at *1 (N.D. Tex. Oct. 27, 2020) (O'Connor, J.) (dismissing section 1983 claims sounding in negligence under the screening provisions of 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)). Further, as previously stated in the portions of this decision granting Lt. Hearns's and Officer Kallon's respective motions to dismiss, insofar as Young is alleging only violations of the Texas Constitution, he has failed to state a claim. On these grounds, the Court will dismiss

15

Young's claims against the unknown jail officer as frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    LEAVE TO AMEND

Generally "a pro se litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Court, however, is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined above, Plaintiff's claims fail to rise to the level of alleging a constitutionally cognizable cause of action against Defendants. In addition, the Court has already given him the opportunity to supplement his Complaint by his Answers to the Court's Questionnaire. *See* Pl.'s Answers to Court's Questions, ECF No. 7.

Thus, the Court concludes Plaintiff has already pled his best case and granting leave to amend would be futile and cause needless delay.

## V.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant Taquanna Hearns's Motion to Dismiss (ECF No. 14), **GRANTS** Defendant David Kallon's Motion to Dismiss (ECF No. 16), and **DISMISSES with prejudice** Plaintiff Norman David Young's section 1983 claims against these Defendants. In addition, the Court **DISMISSES with prejudice** as frivolous and/or for failure to state a claim Plaintiff's section 1983 claims against the unknown jail officer pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii). Finally, pursuant to 28 U.S.C. § 1367(d), the Court declines to exercise subject matter jurisdiction over Plaintiff's state law claims, if any, and **DISMISSES** these claims **without prejudice**.[4]

---

[4] A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over

16

In accordance with Federal Rule of Civil Procedure 58(a), the Court will issue a final judgment separately.

**SO ORDERED** this **21st day** of **July, 2021.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). "In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had pendent jurisdiction." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004) (citation omitted). As this action is in its early stages of litigation, the Court can think of no legal harm or prejudice to Young if the state law claims, if any, are handled by a state court. State law claims are better decided by Texas courts. In the exercise of its discretion, the Court declines to consider the merits of any state law claims, and instead dismisses without prejudice these claims. Young remains free to file these claims in state court. *See* 28 U.S.C. § 1367(d) (tolling state statute of limitations for at least 30 days when court dismisses claim over which it declines to exercise supplemental jurisdiction).